UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CISCO SYSTEMS, INC.,
Plaintiff,
v.
ABACUS CONTROLS GROUP, INC.,
Defendant.

Case No. 26-mc-80250-JCS

**ORDER SETTING BRIEFING SCHEDULE ON MOTION TO COMPEL**

Cisco Systems, Inc. ("Cisco") has filed in this Court a motion to compel compliance with a *subpoena duces tecum* ("Subpoena") it served on Abacus Controls Group, Inc. ("Abacus"). Dkt. No. 1-2; *see also* dkt. no. 2-10 (Subpoena). The Subpoena arises from two related patent-infringement actions pending in the United States District Court for the Eastern District of Texas, *Dynamic Mesh Networks, Inc. d/b/a MeshDynamics v. Cisco Systems, Inc.*, No. 2:25-cv-00781-JRG (E.D. Tex.) and No. 2:25-cv-00783-JRG (E.D. Tex.) ("the Texas actions" or the "underlying actions"). Cisco filed the present miscellaneous action in this District because the subpoena commands compliance in San Francisco, California. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.").

The 2013 Advisory Committee Note explains that Rule 45 ordinarily protects local nonparties by providing for local resolution of subpoena disputes. Nonetheless, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion . . . to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

"[A]mong the factors courts consider in assessing whether exceptional circumstances exist are (1) the complexity, procedural posture, and duration of the underlying litigation; (2) the nature of the issues pending before, or already resolved by, the issuing court; (3) the need to avoid

United States District Court
Northern District of California

unnecessary duplication; and (4) whether the issuing court is in a better position to decide the motion based on its familiarity with the issues involved." *In re Google LLC*, No. 24-MC-80009-VKD, 2024 WL 217842, at *1 (N.D. Cal. Jan. 19, 2024). Even in the absence of exceptional circumstances, Rule 45 authorizes transfer to the court where the underlying action is pending where the person subject to the subpoena consents to the transfer. *See Mirza v. Yelp, Inc.*, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) ("Rule 45(f) presents no bar whatsoever to the return of the matter to the Issuing Court where . . . the nonparties subject to the subpoena consent to the transfer.").

Based on the Court's review of the Motion to Compel and the docket in the Texas actions, it appears that exceptional circumstances exist in this case warranting transfer to the Eastern District of Texas. In particular, the Texas actions involve complex patent litigation and Cisco's motion depends, in part, upon a determination of the relevance of the requested discovery – an issue the Texas court will be in a better position to evaluate. Furthermore, Cisco alleges that although Abacus is "formally" a non-party, it is "closely affiliated" with Dynamic Mesh, the plaintiff in the Texas actions, and is "under the common control of Dynamic Mesh's CEO and one of the named inventors, Francis daCosta and represented by Dynamic Mesh's counsel." Motion to Compel at 2.

Accordingly, Abacus shall file a response to the Motion to Compel by **September 4, 2026.** In addition to addressing the merits, Abacus shall address whether this case presents exceptional circumstances and, independent of that question, inform the Court whether it consents to transfer of this case to the Eastern District of Texas so that it can be decided by the court that is presiding over the underlying actions. Cisco's response shall be filed by **September 11, 2026.**

**IT IS SO ORDERED.**

Dated: August 18, 2026

JOSEPH C. SPERO
United States Magistrate Judge